TOM OWENS v. STATE.

No. A-2078.    Opinion Filed October 5, 1914.

(143 Pac. 204.)

1.   APPEAL—Judgment—Evidence. As a general rule, verdicts which
     have received the approval of the trial judge will not be disturbed
     when supported by evidence sufficient to make out the offense. How-
     ever, when the evidence is all carefully considered and it ap-
     pears that it is wholly wanting in respect to some essential
     element of the offense charged, the judgment will be reversed
     as insufficient to sustain the conviction.

2.   INTOXICATING LIQUORS—Unlawful Possesion—Sufficiency of
     Evidence. Upon a trial for the offense of having possession of
     intoxicating liquors with the intention of violating provisions of
     the prohibitory law, where no testimony tending to show such
     possession, either actual or constructive, was offered, held, that the
     evidence was insufficient to sustain the conviction.

3.   SAME. See opinion for facts and circumstances held insuf-
     ficient to support a conviction for the offense of having pos-
     session of intoxicating liquors with the intention of violating
     provisions of the prohibitory law.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*F. L. McCain, Judge.*

Tom Owens was convicted of a violation of the prohibitory
law, and appeals.    Reversed.

*W. W. Momyer,* for plaintiff in error.

*Chas. West,* Atty. Gen., *C. J. Davenport,* Asst. Atty. Gen.,
and *W. E. Disney,* for the State.

DOYLE, J.    Tom Owens, plaintiff in error, and Jerry Bol-
ing, Geo. Mundy, and R. A. Smith were jointly informed against
by the county attorney of Muskogee county for the offense of
having in their possession on or about the 24th day of May,
1913, intoxicating liquor with the intention on their part of
selling the same.    At the close of the evidence in chief, the
court, on the motion of defendants Geo. Mundy and R. A. Smith,
advised the jury to acquit said defendants.    When defendant

Jerry Boling on his request was sworn as a witness for the defense, the county attorney announced that he desired to dismiss as to defendant Boling. After Boling had testified as a witness, both parties rested, and the defendant Owens, now plaintiff in error, moved the court to direct a verdict of not guilty, for the reason that there was no evidence connecting him with the place where the liquor was seized by the officers. After having heard all the evidence, the instructions of the court, and the argument of counsel for the state and the defendant, the jury returned three verdicts; the first finding defendants Mundy and R. A. Smith not guilty, the second finding defendant Jerry Boling not guilty, and the third, signed by nine jurors, finding the defendant, now plaintiff in error, Tom Owens guilty as charged, and fixing his punishment at a fine of $100 and confinement in the county jail for 30 days. A motion for a new trial was duly filed and overruled. July 5, 1913, the court pronounced judgment in accordance with the verdict. To reverse the judgment, the defendant Tom Owens appeals.

It is only necessary to a determination of this case to pass upon one question, and that is the sufficiency of the evidence to support the verdict.

Ed Maloney, the first witness for the state, testified that on the day named in the information he, as deputy sheriff, together with Earl W. Smith, D. W. Jackson, and Mr. Selby, deputy sheriffs, served a search warrant on the drug store at the southwest corner of Cherokee and Broadway, known as the East Side Pharmacy; that when they went to the place they found there defendants Boling, Mundy, and Owens; that he went through the back room and from there down into the cellar, and through the cellar up through a trapdoor into the adjoining storeroom and found three or four cases of whisky, and three five-gallon cans of alcohol; that two of these cases of whisky were found over the closet of a negro barber shop, separated by a wall that did not reach the ceiling of the storeroom; that he saw defendant Smith in the alley near the drug store; that he had visited the drug store at other times in his official capacity, and frequently found the defendant Owens there; that I. T.

Owens was the same person as Tom Owens; that R. A. Smith had been tending this pharmacy about two years, excepting the time Mr. Stafford had the place; that Mundy and Boling were clerks there from the time Stafford gave up the place. On cross-examination he stated that they searched the drug store, but did not find any liquor there.

Earl W. Smith, the second witness, testified to substantially the same state of facts.

C. W. Jackson testified that they found the liquor in the adjoining storeroom; that Maloney went through the basement and through a hole in the wall, then up into the vacant storeroom; that this room had doors opening to the street and alley; that he really did not know who owned the drug store, but it was known as Tom Owens' place.

A certified copy of the record of special taxpayers and register was then introduced, showing payment December 26, 1912, "East Side Pharmacy, I. T. Owens, R. L. D. Muskogee, Cor. Brdy. and Cherokee."

J. T. Beavers, the next witness called by the state, testified that he was the agent for Cammille Elliott, owner of the building where the East Side Pharmacy is located; that defendant R. A. Smith paid the rent for the last two or three months, and before that time the rent was paid by J. D. Kendall. On cross-examination he stated that the defendant Owens had not paid any rent for the building since May, 1912, when he sold the drug store to Stafford; that Mrs. Elliott was also the owner of the vacant storeroom where the liquors were found; that a few months before, plumbers, repairing the pipes in the building, tore a hole through the wall in the cellar and tore up the floor in the vacant storeroom, and that Elliott said not to fix the floor until he could get a renter.

The defendant Tom Owens, as a witness in his own behalf, testified that he sold his interest in the drug store in May, 1912, to J. F. Stafford, and had a mortgage for part of the purchase price; that Stafford in November, 1912, beat him out of his mortgage by taking bankruptcy proceedings; that he sent back and surrendered his federal license, and asked that it be can-

celed some time in February, 1912, when his other case was in the superior court. On cross-examination he stated that when the license was taken out he was expecting to have to take the drug store back; that he never did use it, because he never did take the store back; that he received letters from Mr. Knott, Internal Revenue Collector, saying that he would revoke the license; that the defendant Smith now owns the drug store; that Smith bought it from Kendall after Stafford's bankruptcy proceedings, eight or nine months before; that he did not own the whisky that was seized, and did not know whose whisky it was; that he did not pay clerk hire to defendants Smith, Boling, or Mundy, either directly or indirectly; that he did not carry any account of the drug store sales in the Exchange National Bank; that he thinks defendant Smith carried the account there; and that he never made a deposit for Smith.

Defendant Geo. Boling testified that he worked for the East Side Pharmacy; that he knew who owned the place; that the defendant Tom Owens did not own it, nor had he anything to do with it since witness was employed there.

It is contended on the part of plaintiff in error that the verdict was contrary to law and to the evidence in the case, in that there was no evidence tending to show possession by plaintiff in error of the liquors seized. In our opinion this contention is well founded. While it is an established rule of this court that verdicts which receive the approval of the trial judge will not be disturbed when supported by evidence sufficient to make out the offense charged, however, when the evidence is all carefully considered, and it appears that it is wholly wanting in respect to some necessary element of the offense charged, it is not only the province, but the duty, of this court to reverse the judgment.

The evidence of the state's witnesses wholly fails to show that the defendant owned the drug store. In fact, the evidence for the state shows that he sold his interest in the drug store more than a year before the date of the offense as alleged in the information. In a prosecution for the offense charged, in order to prove an intent to violate the law, the possession by

the defendant of the intoxicating liquors must first be shown. That was not done in this case. It is contended in the briefs for the state that the evidence, though wholly circumstantial, tends· to show that the defendant Owens owned the drug store, and if he owned the drug store, he must also have had possession of the liquor. With this contention we cannot agree. No inference of guilt can be founded· upon circumstances, except such as naturally or necessarily follow from the facts. If the facts and circumstances in evidence are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as sufficient evidence to support a conviction. The general rule in criminal cases is that, where the evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. Where the evidence at most only raises a mere suspicion of the guilt of the defendant, it is insufficient to sustain a conviction. Suspicion is not proof.

We are of the opinion that the defendant Owens' motion to direct a verdict of acquittal was as well taken as those of his codefendants, which were allowed by the trial court. It follows that the judgment should be, and it is hereby, reversed.

ARMSTRONG, P. J., concurs. FURMAN, J., absent on account of sickness.