## E. B. CANE v. STATE

No. A-4774.   Opinion Filed May 29, 1925.
(236 Pac. 438.)

(Syllabus.)

**Appeal and Error—Trial—Jury Exclusive Judge of Weight and Credi-**

bility of Evidence—Conviction Based on Sufficient Evidence not Set Aside on Appeal. The jury is the exclusive judge of the weight and credibility of the evidence, and, when issues of fact are determined by the jury upon sufficient evidence, a judgment of conviction will not be reversed because of conflicting evidence, or because the evidence may be capable of diverse and opposing inferences. This court in such case will not substitute its judgment for that of the jury.

Appeal from District Court, Creek County; John L. Norman, Judge.

E. B. Cane was convicted of murder, and appeals. Affirmed.

R. L. Suddath, for plaintiff in error.

EDWARDS, J. The plaintiff in error was convicted of murder, and sentenced to life imprisonment. On the 10th of May, 1922, the plaintiff in error shot and killed the deceased, Willie Casteel, both of whom were negroes. The killing occurred at the house of one Johnson, and the fatal wound was inflicted with a shotgun with which deceased was shot in the side and back of the head, and death was immediate. The only eyewitness was a stepson of the plaintiff in error, a boy 16 years of age, who testified that he saw the shot fired, and that just prior to the shooting plaintiff in error called deceased a vile name, and stated to him, "You have been interfering with my business."

The plaintiff in error testified that he was at work in the field; that he went to the house to get the gun to kill a squirrel; that he pulled the gun from behind a cot where it was sitting, threw it over his arm, and as he did so it was discharged accidentally; that he had no motive for slaying Casteel. There was some evidence of discrepancies in the explanations made by plaintiff in error and some tending to sustain him. If the evidence of the state is believed, the crime was murder. If the evidence of the defendant is believed, it is excusable homicide. The issue made by the

respective theories of the state and of the plaintiff in error was fairly and fully submitted to the jury.

Questions of fact are to be decided by the jury. It is the exclusive judge of the weight and credibility of the evidence. It has a better opportunity for passing on these questions than a court far removed from the trial could have. The jury sees the witnesses, observes their appearance on the stand, and it is better able to judge their candor and frankness or the lack thereof. It has been the uniform rule of this court, where there is a clear conflict in the evidence, or where the evidence is such that different inferences may reasonably and properly be drawn from it, that the verdict of the jury will not be disturbed. Only where there are circumstances tending to show that the jury was influenced by passion or prejudice, or where the verdict is so clearly against the weight of the evidence as to lead to the inference that the jury was influenced by improper motives, or there is a lack of evidence, will the court set aside the verdict on questions of fact. So well is that rule settled that we do not attempt to collate the authorities on it. But see Gunter v. State, 16 Okla. Cr. 476, 184 P. 797; Owens v. State, 11 Okla. Cr. 113, 143 P. 204; Ostendorf v. State, 8 Okla. Cr. 362, 128 P. 143; Davis v. State, 10 Okla. Cr. 169, 135 P. 438.

There being no prejudicial error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.