## ROY JEFFERSON v. STATE.

No. A-4792.   Opinion Filed June 13, 1925.
(236 Pac. 914.)

H. H. Thomas, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error appeals from a conviction for burglary in the second degree. The only contention argued for reversal of this case is that the evidence is insufficient to sustain the verdict. On the night of August 20, 1922, a drugstore at Poteau was burglarized and a large quantity of jewelry stolen. Considerable of this jewelry was afterwards recovered from Pink Hopkins,

and from where it was secreted by Edwin White, a co-defendant. Hopkins was tried and convicted. The White boy, who was 14 years old, testified for the state, as did also the wife and daughter of Hopkins. White, who appeared to testify freely and fully, stated in his evidence that he and Hopkins committed the burglary; that plaintiff in error, Roy Jefferson, was not there. The only evidence tending to connect him with the burglary is that of the wife of Pink Hopkins, who appears to be unduly prejudiced because of the conviction of her husband, and of the daughter, Ethel Hopkins, whose testimony is in the main derived from her mother and is hearsay. The defense was an alibi.

We do not deem it necessary to set out the evidence in detail. Suffice it to say that this is a case of "Old Dog Tray," where the association of a young man with an older man of criminal tendencies has gotten him into trouble.

The salutary rule, as has frequently been announced by this court, is that the jury are the exclusive judges of the credibility of the witnesses, and where there is evidence from which the jury may reasonably and logically draw the conclusion of the defendant's guilt, although the evidence is conflicting, the verdict will not be disturbed. Still, where there is a dearth of evidence and the guilt of an accused is not a logical deduction from the facts proven, the evidence is insufficient and the verdict will be set aside. Benson v. State, 10 Okla. Cr. 16, 133 P. 271; Owens v. State, 11 Okla. Cr. 113, 143 P. 204; Ren v. State, 9 Okla. Cr. 671, 132 P. 1131.

We do not find the verdict sufficiently supported by the evidence, and, on account of insufficiency, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.