R. L. BAIRD v. STATE.

No. A-7352.    Opinion Filed Oct. 11, 1930.
(292 Pac. 395.)

H. P. Hosey and Tom Finney, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.    Plaintiff in error, hereinafter called defendant, was convicted in the county court of McCurtain county upon a charge of outraging public decency

and public morals, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for 30 days.

The only evidence introduced was by the state and was that the defendant was a widower living in a house upon his farm with his three daughters, the oldest one being about 15 years of age and the youngest about five; that one Wofford was a tenant on the farm of defendant and lived in a house on the farm and had farmed said place for about two years, and during the time the offense was alleged to have been committed; that Wofford had a daughter Susie, the charge being that the defendant was guilty of lascivious and immoral conduct that tended to outrage public decency and public morals, and that by keeping the said Susie Wofford as a housekeeper in his home such acts tended to the injury of his children and the moral outrage of the community.

The state called numerous witnesses who testified to the fact that Susie Wofford was seen about the defendant's home, washing, cooking, and keeping house; that they were frequently seen together in a truck on the public highway, in stores, and at church and other public gatherings, but no witness testified to a single act of the defendant and Susie Wofford in public or private that tended in any manner to outrage public decency or morals or that tended to corrupt the morals of his children.

The mere fact that Susie Wofford acted as his housekeeper and that they were seen in public together frequently might create an occasion for public gossip in the community and be an occasion for suspicion, but would be at most the weakest and most flimsy kind of evidence to establish a charge of immoral conduct or conduct that outraged public morals or decency.

Where there is no competent evidence in the record tending to support the verdict of the jury, it is the duty of this court to reverse the case. Jefferson v. State, 31 Okla. Cr. 44, 236 Pac. 914.

There being no competent evidence in the record to support the verdict of the jury, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.