RALPH FREEMAN v. STATE.

No. A-8174. Oct. 16, 1931.
(4 Pac. [2d] 120.)

210

Miles & Miles, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, herein-after referred to as the defendant, was by information jointly charged with Olney Longbotham with having possession of mash, wort, or wash fit for distillation; was tried separately and convicted, and sentenced to pay a fine of $100, and be imprisoned in the county jail for 60 days, and has appealed.

The testimony on behalf of the state shows that the sheriff and other officers went to the home of Olney Longbotham, which is some distance east of this defendant's home, and claim to have found where a mixture of grain and water had been poured out on the ground; one of the officers says in looking around they found several holes where mash had been poured; when they went to the place Mr. and Mrs. Longbotham, Mr. Freeman, and a man by the name of Dillingham were there; defendant and Dillingham were in defendant's car, and the motor was running. They claim to have found some yeast in the hen house, but stated it was rotten and not fit for use, and seemed to have been on hand for some time. Although the substance they found had been poured on the ground, the officer stated he believed it would have been fit for distillation, but does not give his reason for thinking so. All the mash, wort, or wash the officers claim to have found had been poured out at the home of Olney Longbotham. The only testimony tending in any way whatever to connect the defendant with Longbotham or the mixture the state witnesses claim was mash, is the fact that when the officers got to the Longbotham house the defendant Freeman and a Mr. Dillingham were sitting in a car with the motor running.

The defendant denies any knowledge of any mash being at the Longbotham place, and denies having anything to do with the mash, if any was there. Defendant stated he went by that morning to say goodbye to Mr. Longbotham, as he was going to move away from the place where he was living. In this he is corroborated by Mr. Dillingham, who testified to the same facts as did the defendant, and further stated they had left the defendant's home that morning to go to Perryton, Tex.

There is some testimony introduced with reference to certain articles that might be used in a still being found around the defendant's home, but in this case the defendant is jointly charged with Olney Longbotham with possessing and fermenting a compound mixture of mash, wort, or wash fit for distillation and manufacture of distilled spirits and alcoholic liquor; the selling, bartering, giving away, and otherwise furnishing or disposing of which is prohibited by the laws of the state of Oklahoma.

The defendant has assigned several errors alleged to have been committed by the trial court. The tenth assignment is:

"Said court erred in overruling defendant's motion for a new trial."

This assignment is all the assignment necessary to be discussed for the reason that the defendant's motion for a new trial covers all the questions raised by him. The defendant in his motion for a new trial urges many reasons why the court should grant him a new trial. One of the grounds urged by the defendant is that the evidence is insufficient to sustain the verdict and judgment. We agree with the contention of the defendant. There is no testimony in the record tending to show that the defend-

ant had actual or constructive possession of mash, wort, or wash fit for distillation.

A careful examination of the evidence in this case only tends to create a suspicion or possibility that the defendant may be guilty. Where there is evidence to support a verdict, this court will not pass upon its weight and suffciency in order to determine whether the defendant is guilty as charged, but we hold there must be evidence to support the essential allegations of the offense charged. Where there is no evidence to support the verdict, or where it is of such weak or inconclusive character that the conclusion of guilt may not reasonably be drawn from it, it should be set aside. Owens v. State, 11 Okla. Cr. 113, 143 Pac. 204; Jefferson v. State, 31 Okla. Cr. 44, 236 Pac. 914; Taylor v. State, 36 Okla. Cr. 419, 255 Pac. 158.

The evidence is insufficient to sustain the verdict and judgment. The judgment is reversed.

EDWARDS and CHAPPELL, JJ., concur.