## E. K. JONES v. STATE.

No. A-8464. Jan. 20, 1933.

(18 Pac. [2d] 551.)

Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the officers with a search warrant went to the home of defendant on F Street Northeast, in Ardmore; that out back, in a little shed place, the officers found a half-gallon fruit jar and a quart-fruit jar full of whisky, buried in the ground, near a wall, together with some empty bottles in the shed and garage, which smelled like intoxicating liquor had been in them.

Defendant did not take the witness stand and offered no evidence.   He earnestly contends that this evidence is insufficient to sustain the verdict of the jury.

The state offered no proof that the shed was part of the defendant's premises, nor that he had possession of the shed or had ever been in the shed, or ever had anything to do with the possession of the liquor, other than that constructive possession which might arise under the evidence above set out.

To sustain a conviction for possession, the state must prove that the liquor was in the possession of defendant and that he had it with intent to violate the law. The quantity found by the officers was sufficient under our statute to make a prima facie case, but the evidence of the state was entirely wanting in that degree of proof required to show possession by the defendant.

When the evidence is carefully considered and it appears that it is wholly wanting in some essential element of the offense charged, the judgment will be reversed because the evidence is insufficient to sustain a conviction. Ren v. State, 9 Okla. Cr. 671, 132 Pac. 1131; Owens v. State, 11 Okla. Cr. 113, 143 Pac. 204.

For the reasons stated, the cause is reversed.

DAVENPORT and EDWARDS, JJ., concur.