LOUIS DAFT v. STATE.

No. A-8784.   March 8, 1935.
(42 Pac. [2d] 146.)

Warren & Warren, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was charged by information with the crime of murder committed while under the influence of intoxicating liquor, by willfully, wrongfully, and feloniously driving and operating a motor vehicle, by driving said motor vehicle over and upon the body of one E. M. Johnson, from which injuries the said

Johnson died; and was sentenced to imprisonment in the state penitentiary at McAlester, for and during his natural life.

Mrs. Emery Johnson, testifying in behalf of the state, stated:

"E. M. Johnson was my husband; on the 28th day of June, 1933, we had been to Hugo and was returning to Grant; we were driving along the right side of the road slowly, and I saw a light and said, 'Boy, ain't those bright lights,' and as I said bright lights another car ran into us; this was about nine or a little later in the evening. This collision occurred about a half mile south of Hugo; Emery Johnson and I were pinned under the car; the car that collided with us flipped into the side of us; my husband was killed."

On cross-examination witness stated:

"Just before the collision the light did not appear to be directly in front of us; we were driving about 25 miles an hour; I do not remember how far this car was from the curve; it was a pretty long distance, I do not know; I did not see the light of the car a great length of time before the collision."

C. G. Morgan, testifying for the state, stated:

"The defendant and I were riding in my car at the time of the collision; we left Commerce, Texas, about five or five-thirty in the afternoon; we had three bottles of 3.2 and defendant drank the contents of one and one-half bottles; I believe it was 3.2, we were not drinking any liquor, the 3.2 was all we had to drink."

Dr. Kiser testified that while he was dressing the defendant's wounds at the hospital he smelled the odor of whisky on his breath. One other witness also testified to smelling the odor of whisky. Miss Head, a nurse at the hospital, testified the defendant was sick and vomited,

that it had a strong sour odor; but could not classify it as to what kind of liquor it was.

The foregoing is in substance the testimony offered as to any drinking the defendant did from the time he left Commerce, Tex., about 5 or 5:30 in the afternoon, until the collision occurred near Hugo about 9 o'clock in the evening, Commerce, Tex., being 70 miles or more from Hugo.

The defendant, testifying in his own behalf, admitted he was in the car with C. G. Morgan when the collision occurred; when they left Commerce, Tex., they had three bottles of beer; that he drank one and the half of another bottle; they did not drink any whisky; he did not see or smell any whisky about the car; at the time of the collision he was in possession of all his faculties, normal, and remembered everything up to the time of the collision; from the time of the collision, for several days thereafter, he did not remember anything; that he received injuries and was taken to the hospital and treated; defendant states positively he was not intoxicated or under the influence of any intoxicating liquor. This is the substance of the testimony of defendant.

Several errors have been assigned by the defendant as grounds for reversal. The only assignments of error it is deemed necessary to consider are the ninth, tenth, and eleventh errors. They will be discussed together.

The information in this case charged the defendant with driving an automobile upon the highway while under the influence of intoxicating liquor, and that by reason of the intoxication the car that the state charges the defendant was driving collided with the car in which the deceased, his wife, and other parties were riding, and that the deceased, E. M. Johnson, lost his life by reason of the

collision. The state did not offer any evidence to show that the defendant was guilty of reckless driving, nor is there any allegation in the information that the collision was the proximate cause of the death of the deceased, E. M. Johnson. The information charged the driving of the car by the defendant while under the influence of intoxicating liquor.

We have carefully examined the record, and read the testimony introduced by the state. The witness C. G. Morgan, the only party who had an opportunity to know what the defendant had done from the time he left Commerce, Tex., which was more than 70 miles from the scene of the collision, testified positively that he did not drink any whisky, that they had only three bottles of beer when they left Commerce, and the defendant drank the contents of one and one-half of the three bottles; they left Commerce about 5 or 5:30 in the afternoon and the accident occurred from three and a half to four hours later; the state did not attempt to show by Mr. Morgan that the defendant was under the influence of intoxicating liquor. The only witnesses by which the state attempted to establish a state of intoxication of the defendant were the doctor and one other witness, who claimed they smelled the odor of whisky on his breath. The defendant was unconscious when taken to the hospital; had several cuts and bruises, and states he does not know what took place for some time thereafter.

The defendant states positively that he was in possession of all of his faculties at the time of the collision; that he did not drink any whisky on the trip, and had only drunk that quantity of beer testified to by the witness Morgan. No offer is made by the state to show reckless driving.

After a careful consideration of all the testimony introduced by the state, and the evidence of the defendant, we feel compelled to hold that the evidence of the state, as to the defendant being under the influence of intoxicating liquor at the time of the collision, is wholly insufficient, and does not have sufficient weight to warrant this court in holding the testimony sufficient to sustain the conviction and judgment.

This court has repeatedly held that where there was any competent testimony to sustain the conviction it would not disturb the verdict of the jury; on the other hand, it has often held where there is no competent testimony to sustain the conviction, the court will reverse on the ground of insufficient evidence. Owens v. State, 11 Okla. Cr. 113, 143 Pac. 204; White v. State, 13 Okla. Cr. 76, 162 Pac. 232; Jefferson v. State, 31 Okla. Cr. 44, 236 Pac. 914.

The eleventh assignment relates to the failure of the court to instruct upon manslaughter. The defendant's plea of not guilty put in issue all of the questions of law, and his theory and testimony was such that it was error for the court to fail to instruct the jury upon manslaughter.

There are several other errors possessing merit argued by the defendant, but the view we take of this case it is not necessary to consider them.

For the reasons herein stated, the case is reversed.

DOYLE, J., concurs. EDWARDS, J., not participating.