**Dennis Dean WRIGHT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–673.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1977.

George Briggs, Shoemake & Briggs, Pawhuska, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, Dennis Dean Wright, hereinafter referred to as defendant, was charged, tried and convicted of Burglary in the Second Degree, After Former Conviction of a Felony, in District Court, Tulsa

County, Oklahoma, Case No. CRF–75–2064. The jury fixed his sentence at fifteen (15) years' imprisonment, and defendant has perfected this timely appeal.

Briefly stated, the testimony reveals that the Med-X Drug Store, 1515 North Harvard in Tulsa, Oklahoma, was broken into on the night of September 7, 1975. A motion detector inside the store alerted security forces who called the police. While police officers were awaiting the store manager to unlock the front door, they noticed a large plate glass window vibrating. As one officer went around back to investigate, he heard a "thump," the sound of an object hitting the asphalt driveway. Seconds later he saw the defendant crawling along a retaining wall which ran parallel to the drugstore and ten feet back of it. "I asked him to halt, which he did not [do]," Officer Gary Neumeyer testified. "He stood up when I hollered for him to stop and looked right at me. . . . about ten or fifteen seconds." A chase ensued but Officer Neumeyer lost the defendant in some bushes approximately 30 to 40 yards away. Officer Steve Bruner of the Tulsa K-9 Corps arrived at this point, and after harnessing a German shepherd dog he tracked the defendant and found him hiding in some bushes nearby.

An in camera evidentiary hearing determined the validity of defendant's statement to Bruner on the drive to Hillcrest Hospital for treatment of dog bites, as follows:

"Well, one of the first questions I asked him was, how did you know to break in through the roof? And he informed me he had been told about this. And I said, well, what did you want and he—well, at this point he kind of started sobbing as if he was kind of crying and he said, drugs. And, at that point, he said, don't—whatever you do, don't tell my wife."

At the Med-X Drug Store, police found two crowbars, a hammer and a screwdriver behind the retaining wall where the defendant was first spotted. They also discovered a hole in the store roof, a rope tied to a vent pipe leading down through the hole into the store, and a box of assorted medications on a table inside the store. The police saw no other persons in the area.

Defendant's only assignment of error challenges the sufficiency of the evidence to convict him. He argues a conviction cannot be sustained where the evidence is consistent with innocence as with guilt, and quotes *Owens v. State*, 11 Okl.Cr. 113, 143 P. 204 (1914), for the proposition that:

". . . If the facts and circumstances in evidence are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as sufficient evidence to support a conviction. . . ."

*Owens* also says, "No inference of guilt can be founded upon circumstances, except such as naturally or necessarily follow from the facts."

The rule on the sufficiency of evidence is often quoted by this Court that:

". . . It is the fundamental rule that where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility, and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. . . ." (Citation omitted) *Box v. State*, Okl.Cr., 505 P.2d 995, 997 (1973).

We find the evidence presented in this case more than sufficient to permit the jury's finding of guilt, and we therefore find this assignment of error to be without merit.

For the above stated reasons we find the judgment and sentence appealed from should be and, hereby, is *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.