## CHAS. NOLL v. STATE.

No. A-1978.    Opinion Filed October 7, 1913.

(135 Pac. 287.)

GAMING—Opening and Maintaining Game—Statutes—Elements of Offense. Rev. Laws 1910, sec. 2498, provides that any person who deals, plays, carries on, opens, or conducts, either as owner or employee, any game of roulette, craps, etc., is guilty of a misdemeanor, etc. *Held* that, in a prosecution under such section, it was essential, to sustain a conviction, to prove that accused opened up a game of craps that was played for money, and that the game was played by some person at accused's place of business for money, checks, or other representatives of value.

*Appeal from County Court, Pottawatomie County;*
*Hal Johnson, Judge.*

Chas. Noll was convicted of conducting games of craps and roulette, and he appeals. Reversed.

*Pitman & Goode,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Chas. Noll, was convicted at the January, 1913, term of the county court of Pottawatomie county on a charge of conducting games of craps and roulette. The Attorney General has filed a confession of error in this cause, and advises the court in his judgment the conviction should be reversed. In part the confession is as follows:

"This information charges the defendant with having on the 16th day of January, 1913, unlawfully opened, and with having unlawfully conducted as owner, a game of craps played with dice for money and a game of roulette played with table, wheel, and ball for money. We have carefully examined the transcript of the testimony of the witnesses McColghan and Durham, who were the sole witnesses giving testimony in this case, and have failed to find where either of them have testified directly to any facts or circumstances that prove that this defendant on the day charged, or on any other day, opened up a game of craps that was played for money; nor does the evidence prove that any game, either roulette or craps, was played by anybody at any time in his place of business for money, checks, or other representatives of value. In our opinion, this proof was absolutely necessary to sustain a conviction on this information."

The confession of error is well taken, and is sustained. If this conviction had been based on section 2502, Rev. Laws 1910, it could possibly be upheld; but, instead of being based on section 2502, it is based on section 2498, Rev. Laws 1910, and under the latter section the conviction as a matter of law is contrary to the evidence.

The judgment is therefore reversed.