## JOE PROCTOR v. STATE.

No. A-2829.    Opinion Filed Feb. 20, 1919.
Rehearing Denied May 24, 1919.
(180 Pac. 715.)

1.    GAMING—Conducting Gambling House—Sufficiency of Indictment.  The indictment in this case held to sufficiently charge a violation of section 2498, Rev. Laws 1910.

2.    GAMING—Sufficiency of Evidence.  The evidence in this case carefully considered, and held sufficient to support the verdict and judgment of conviction.

*Appeal from County Court, Jefferson County;*
*Ben F. Saye, Judge.*

Joe Proctor was convicted of conducting a gambling house, and he appeals. Affirmed.

*Ledrue Guthrie,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Joe Proctor, hereinafter designated defendant, was by indictment jointly charged with Fred Adams with violating section 2498, Revised Laws 1910. The indictment was returned by the grand jury of Jefferson county, and, by reason of the same charging a misdemeanor, the case was transferred to the county court of said county. The defendant was tried alone; convicted, and sentenced to pay a fine of $250 and to be confined in the county jail of Jefferson county for 60 days and until the said fine and costs in said case were paid. To reverse the judgment rendered, he prosecutes this appeal.

The indictment, omitting caption and signature, in this case is as follows:

"In the name and by the authority of the State of Oklahoma:

"At the March, 1916, term of the district court of Jefferson county, state of Oklahoma, begun and held at the city of Waurika, said county, on the 6th day of March, 1916, the grand jury of said county, good and lawful men legally drawn and summoned according to law to diligently inquire into, and true presentment make of all public offenses against the state of Oklahoma, committed or triable within the said county, upon their said oaths, in the name and by the authority of the state of Oklahoma, do present and find that in said Jefferson county, and state of Oklahoma, on the 15th day of December, in the year of our Lord 1915, and prior to the finding of this indictment, the said Joe Proctor and Fred Adams did operate and conduct a gambling house for gambling purposes in the manner and form as follows, to wit: That the said Joe Proctor and Fred Adams, then and there being, did then and there willfully, knowingly, and unlawfully conduct and cause to be conducted a place in the town of Ringling known as the Emma L. Bryan place in Jefferson county, where gambling devices were operated and conducted, in which the said Joe Proctor and Fred Adams, then and there unlawfully conducted and caused to be conducted games of faro, monte, poker, roulette, and other games played with dice, cards, and other gambling devices for money, checks, credit, and other representatives of value, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the indictment on the ground that the same did not state facts sufficient to constitute an offense. The court overruled the demurrer, and the defendant did not except.

The undisputed evidence is as follows:

W. P. Harris testified that he knew the place known as Proctor & Adams place in the city of Ringling, and that its reputation was that it was a place for whisky, gambling, and rough-house; that he assisted in taking things away from there when they were in the back yard of that place, and that the things were paraphernalia and things that were used in gambling houses—a table with a slit in it and a table covered with plaid stuff, and chairs and things like that.

J. W. Bittle testified that he was the sheriff of Jefferson county and resided in Waurika; that he knew the defendant; that the defendant and Fred Adams told witness that they conducted the place in question; and that one time he found whisky and gambling paraphernalia in the house,. which Proctor & Adams told witness they conducted.

Emmery Morris testified that he knew the place called "Proctor & Adams House," and that it was in the town of Ringling, and that he had been there when gambling was being conducted; that it was some time during the winter before, about December; that several different kinds of games were being conducted, poker and dice games; that people were standing around playing so thick that witness could hardly see; that there was money there; that he was in the place known as "Proctor & Adams three or four times"; that sometimes there was nothing doing, and then again you would go in at night and the house would be full, and you could hardly get in; that he knew the place as Proctor & Adams place in Ringling; and that it was a gambling place, and a place to get a drink, and that was the reputation it had.

Pony Carpenter testified that he was acquainted with the town of Ringling, and that he knew the defend-

ant; that he knew the place of business in Ringling that was known as Proctor & Adams place; that he had been in there, and that he had been in there when gambling was going on when they were betting money; that it was known as Proctor & Adams place.

Bill Grace testified that he lived in Ringling, and that he knew the defendant, and had known him about 18 years; that he knew Fred Adams, and that he knew the place in the town of Ringling known as the Proctor & Adams place; that Proctor and Adams told him it was their place, that he had never seen the defendant in the place but one time; and that when witness went in to raid them, nothing was doing.

Sim Stotts testified that he was the city marshal of Ringling, and he knew the defendant Fred Adams, and that he knew where the place of business in Ringling was; that he was acquainted with the reputation of the place known as Proctor & Adams place; that they called it the " oint."

The foregoing was all the material evidence in the case, and thereupon the defendant requested the court to instruct the jury to render a verdict of acquittal in favor of defendant, which the court refused to do, and the defendant excepted.

The indictment sufficiently charges a violation of section 2498, Rev. Laws 1910, and the court did not err in overruling the demurrer thereto.

There is only one error assigned and insisted upon by the defendant in his brief, "that the competent evidence does not tend to reasonably support the verdict of the jury," and therefore all other errors assigned in the peti-

tion in error will be regarded as abandoned; no fundamental error appearing in the record.

The uncontradicted evidence is that at the time and place alleged in the indictment a gambling house, known as Proctor & Adams place, was conducted in which games interdicted by section 2498, Revised Laws, were played, and that the said place had the general reputation of being a gambling house, and therefore the only material question to be answered is: Was said gambling house conducted by the defendant? No evidence was offered by the defendant, and in addition to evidence tending indirectly to show that the said gambling house was conducted by the defendant and Adams, there is direct positive evidence of two witnesses that the defendant and Adams admitted to each of said witnesses that the defendant and Adams conducted said gambling house, and hence the court did not err in refusing to direct a verdict of acquittal.

Section 2498 provides:

"Any person who deals, plays or carries on, or opens or causes to be opened, or who conducts, either as owner or employe, whether for hire or not, any game of faro, monte, poker, roulette, craps, or any banking or percentage game played with dice, cards, or any device for money, checks, credit, or any representative of value, is guilty of a misdemeanor."

"The state may show the defendant's house had the general reputation of being a gambling house." *Ostendorf v. State,* 8 Okla. Cr. 378, 128 Pac. 143.

In the case of *Chas. Noll v. State,* 10 Okla. Cr. 157, 135 Pac. 287, it is held:

"That, in a prosecution under section 2498, Revised Laws, it is essential, to sustain a conviction, to show that

prohibited games were played by some person at the accused's place of business for money, checks, or other representatives of value."

In *Martin v. State*, 2 Ala. App. 175, 56 South. 64, it is held:

"The offense denounced by Code 1907, sec. 6985, punishing the keeping or being concerned in keeping a gaming table, may be committed by one act or by a series of acts, and to show the character of the table it is competent to prove a series or any number of games played thereon, and that the same was kept in a room frequented by gamblers and in which gaming was done, whether accused was or was not present at all the games.

"Where there was evidence that accused kept a gaming table for gaming, or was interested in keeping the same for gaming, evidence of gambling on the table whether accused was present or absent, was admissible."

The evidence shows beyond a reasonable doubt that banking games denounced by said section 2498, Rev. Laws 1910, were played at defendant's place of business in Ringling for money as alleged in the indictment, and that the said defendant's place was equipped with gambling paraphernalia and maintained by the defendant for the purpose of conducting games denounced by said section 2498, and it is entirely immaterial, the games being conducted in a place maintained by the defendant, whether the defendant was present or not when the games were played; and the evidence sufficiently supports the verdict rendered.

"The verdict of a jury will not be set aside for want of evidence to sustain it when there is any evidence in the record from which the jury could legitimately draw the conclusion of the defendant's guilt. *Nowlin v. State*, 7 Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.