## TOM DOBBS v. STATE.

No. A-4281.   Opinion Filed Dec. 10, 1924.

(230 Pac. 939.)

(Syllabus.)

**Burglary—Evidence Insufficient to Sustain Conviction in Second Degree.** The evidence held insufficient to support a charge of burglary.

Appeal from District Court, Stephens County; Cham Jones, Judge.

Tom Dobbs was convicted of second degree burglary, and he appeals. Reversed and remanded.

E. J. Giddings, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.   Tom Dobbs, plaintiff in error, defendant below, was by a verdict of a jury, rendered in the district court of Stephens county on October 14, 1921, found guilty of burglary in the second degree, with his punishment assessed at confinement in the penitentiary for a term of two years. The conviction rests upon circumstantial evidence, and the defendant urges as a reason why the judgment of the trial court should be reversed that the evidence is insufficient to support the verdict.

The record shows that on the last Saturday night of June, 1921 (June 28th), a general merchandise store, situated in the country about ten miles east of Duncan, was burglarized; the perpetrators carrying away a number of automobile tires, some pocket knives, and chewing gum. About three weeks later, at Lawton, some 35 miles distant from the scene of the burglary, the defendant Dobbs was found in possession of three Revere tires, a part of the loot taken from the store. One of the tires was found in defendant's room, and the other two

were on a Buick car belonging to him. The defendant gave several accounts of how he came into possession of these tires. To one officer he said he purchased them in Amarillo, Tex.; to another he stated he bought them from a stranger in a pool hall in Lawton; at the trial he testified that he bought them from Lawton, driving south, two or three days after the bur-after the burglary. One witness testified that he saw the defendant and two other men in a large car five or six miles from Lawton, driving south, two or three days after the burglary; that all three men were sitting in the front seat of the car; and that in the back seat were some bulky articles, covered by a quilt.

The testimony of the defendant, corroborated by a number of apparently reputable witnesses, tended to show that he was not in Stephens county the night of the burglary. His explanation of his possession of the tires was that, while his car was being repaired in a garage in Duncan, he purchased these tires for $75 cash from two men who came there, and who first tried to sell them to the owner of the garage. The owner of the garage corroborated the defendant in this regard. The court correctly instructed the jury upon the law of circumstantial evidence, and upon the effect of being in possession of property recently stolen.

The evidence in this case is far from conclusive of defendant's guilt, and not sufficient to exclude every other reasonable hypothesis consistent with defendant's innocence. The defendant may have participated in this burglary, or he may have received this stolen property, knowing it to be stolen, but these are mere surmises, not supported by sufficient proof. His conflicting stories told to the officers were well calculated to arouse suspicion against him, but that suspicion or the fact, even, that the defendant was palpably untruthful, coupled with his possession of the stolen goods three

weeks after the burglary, unsupported by other testimony, is not sufficient to overcome his alibi established by a number of reputable witnesses, and the testimony of the garage owner that he saw the defendant purchase these tires.

Upon mature deliberation we believe that this was not merely a question of the weight of the testimony for the jury, but, on the contrary, it presents a want of proof connecting the defendant with the burglary and asportation of the property stolen. The fact that the defendant was seen two days or more after the burglary near Lawton, with others in an automobile in which there was something covered with a quilt, is too remote to establish the identity of the property or the defendant's connection with its theft or asportation.

The judgment of the trial court is reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.