## OLA RICHARDS v. STATE.

No. A-8036.   Dec. 17, 1931.
(6 Pac. [2d] 450.)

Brown Moore, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county of burglary in the second degree, and was sentenced to serve a term of two years in the state penitentiary.

The only contention stressed is that the evidence is insufficient to sustain the judgment.   The evidence is wholly circumtantial, and, in substance, is that at the time charged the Santa Fe Depot at Glencoe was broken into and some property stolen.   A book stand was found by some section hands on the railroad right of way about a block north of the depot, and on it a finger print was discovered.   The evidence is not positive that this book stand was ever in the depot.   The inference arises from the testimony of the principal witness, Argubright, that it was in the depot, but, as he resided in Arkansas City, Kan., and did not have charge of the depot, it is apparent he was testifying from hearsay.   The agent at Glencoe was not used as a witness.   After this stand was found, it

was taken to the depot, some powder put on it, and the finger print developed and a picture made. The expert of the Bureau of Criminal Identification at Oklahoma City, from a comparison with a finger print of defendant, testified they were the same. This is the only evidence tending to connect defendant with the crime. This evidence would be meager even if it were positively shown that the book stand was in the Glencoe depot at the time it was robbed. After verdict, defendant attempted to get a new trial on the ground of newly discovered evidence, supported by the affidavit of two reputed finger print experts, who make affidavit that the finger print on the instrument was so blurred and illegible that it could not be identified with any degree of certainty. The Attorney General does not confess error, but admits the evidence to sustain the verdict is very weak indeed.

Upon a consideration of the entire record, we are convinced that the evidence is not sufficient to prove the guilt of defendant with that degree of certainty required by law.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.