## JOHN PHILLIPS v. STATE.

No. A—9427.   Aug. 19, 1938.
(82 P. 2d 246.)

Wylie Snow, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   An information was filed in the district court of Coal county charging that John Phillips did in said county on or about the 5th day of March, 1937, commit the crime of operating and conducting a gambling game, that the said defendant did then and there willfully, unlawfully

and feloniously conduct a certain gambling game, to wit, poker, upon which money, checks or other evidence of value were bet and wagered by participants invited to said game by said defendant, and the said defendant was in charge of and did carry on the said gambling game as aforesaid in the residence of the said John Phillips, in the city of Coalgate, Coal county, contrary to, etc.

There was endorsed on the back of the information the names of witnesses, Milton Brown, O. C. McMillan, C. C. West, Arthur Agee, Oscar Pierson, Lee Pebworth, Bob Adams and F. W. Gammon. Upon a plea of not guilty a trial was had and a verdict of "guilty as charged in the information and assess his punishment at a fine of $500 and one year in the state penitentiary."

He has appealed from the judgment rendered upon such conviction.

The errors assigned question the sufficiency of the evidence to sustain the conviction, and that the court erred in admitting incompetent evidence over defendant's objections and exceptions.

This is a companion case to that of Phillips v. State, 64 Okla. Cr. 217, 78 P. 2d 828. Opinion reversing judgment of conviction filed April 21, 1938.

The state relied for this conviction upon the testimony of C. C. West, Arthur Agee, and O. C. McMillan. The complaining witness, Milton Brown, did not testify.

C. C. West, deputy sheriff, testified that on March 5th, this year, in executing a liquor search warrant he went to the defendant, John Phillips' house, and found John Phillips, Wilson Phillips, Mr. Agee and Mr. Pierson, sitting at a table playing cards. The defendant had some chips in front of him, they took the chips and cards and brought them to the sheriff's office.

Arthur Agee testified that he was at John Phillips' place, and was sitting there playing poker, when Mr. West and Mr. McMillan came in with a search warrant; that he had some chips that he bought from the defendant; that "John Phillips was not running the game at the time the laws came in."

On cross-examination he stated that he paid a fine for gambling at the time the officers came there.

On redirect examination he testified:

"Q. Who invited you over there? A. As I remember little boy Love. Q. When you got there did John Phillips ask you to sit at the table and play? A. I can't recall. Q. John was conducting the game? A. At the time I do not know whether he was conducting the game or not. By the Court: At any time? A. That day he was. Q. What was the take off? A. I don't remember, I guess it was what he could take and get by with it. One or two chips at a time."

O. C. McMillan, undersheriff, testified:

"We found four fellows sitting around the table and they had cards and chips in front of them. The defendant, John Phillips, had chips in front of him."

At the close of the testimony for the state the defendant demurred thereto, which was overruled.

On the part of the defense, Joe Summers testified that he was court clerk of this county and as such had in his posession the original information in the case of State. v. Arthur Agee, identified the same, wherein it is alleged that the defendant, Arthur Agee, in Coal county on the 2d day of February, 1937, did then and there willfully, unlawfully play a game of cards in which money, checks and other evidence of value were bet and wagered.

As a witness in his own behalf, John Phillips testified that his age is 67 years; that he had lived around Coalgate some 40 odd years, and was at his home when the officers found the card game going on; that a few minutes before he

had picked up another fellow's hand, while he went to dinner; that his son Wilson Phillips, little boy Love and Oscar Pierson were just having a social card game; that he was not conducting the game, that he did not take any take off.

On cross-examination he stated:

"I am now drawing an old age pension, I have never been convicted of a crime involving moral turpitude, and never paid a fine for gambling. I pled guilty at the last term of county court to a charge of keeping a disorderly house."

The information was filed under section 2190, Penal Code, St. 1931, 21 Okla. St. Ann. § 941. Under this section, before there can be a conviction for conducting a gambling game played with cards, "for money, checks, credits, or any representatives of value", it must be shown that the defendant opened up or conducted such a game "or who either as owner or employee, whether for hire or not, deals for those engaged in any such game."

While it is well settled that this court will not reverse a conviction for insufficiency of the evidence, if there is any substantial evidence, although circumstantial, from which a reasonable and logical inference of guilt arises, the jury's finding as to the weight of the evidence and the credibility of the witnesses when supported by substantial evidence, will not be disturbed. The converse rule is equally well settled that, it is not only the province but the duty of the court to set aside such verdict when it is contrary to the law and evidence, or there is a failure to prove some essential matter to establish the offense charged, or where it appears that the verdict was rendered as the result of passion or prejudice. The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence, to which every one is entitled who is put upon his trial for an offense. Benson v. State, 10 Okla. Cr. 16, 133 P. 271; Noll v. State, 10 Okla. Cr.

157, 135 P. 287; Owens v. State, 11 Okla. Cr. 113, 143 P. 204; Baldwin v. State, 11 Okla. Cr. 228, 144 P. 634; Jefferson v. State, 31 Okla. Cr. 44, 236 P. 914; Ferguson v. State, 52 Okla. Cr. 264, 4 P. 2d 696.

The defendant in this case is entitled to the same presumption of innocence which prevails in other cases, and we are constrained to say that the testimony quoted in full is insufficient to rebut that presumption.

Upon a careful consideration of the record we are of opinion that the verdict is not sustained by sufficient evidence.

The judgment of the lower court is therefore reversed.

DAVENPORT, P. J., and BAREFOOT, J., concur.