## ELMER PETTY v. STATE.

No. A-10620    Oct. 30, 1946.
(174 P. 2d 274.)

Jerome Sullivan, of Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Hegel Branch, Co. Atty., Stephens County, of Duncan, for defendant in error.

BAREFOOT, J. Defendant, Elmer Petty, was charged jointly with Lloyd Sheehan, R. D. Mooneyhan and David Jones in the district court of Stephens county with the crime of burglary; took a severance, was tried, convicted and sentenced to serve a term of two years in the State Penitentiary, and has appealed.

The disposition of the cases of the codefendants is as follows:

R. D. Mooneyhan entered a plea of guilty and his punishment was assessed at two years in the State Penitentiary. This sentence was suspended during good behavior, conditioned that the defendant join the Army before January 11, 1943. This he did.

David Jones was convicted and sentenced to serve a term of two years in the State Penitentiary. His case was appealed to this court, and affirmed on August 1, 1945, Jones v. State, 81 Okla. Cr. 127, 161 P. 2d 89.

Lloyd Sheehan was tried, convicted and sentenced to two years in the State Penitentiary. He appealed to this court, and his case was affirmed on September 18, 1946, Sheehan v. State, 83 Okla. Cr. 41, 172 P. 2d 809.

The jury fixed the punishment of the defendant in the case at bar at two years in the penitentiary, and recommended a suspended sentence, but the court refused to follow this recommendation.

The only question presented on this appeal is that the evidence is insufficient to sustain the judgment and sentence. Briefs have been filed by both the defendant and the state. Statements with reference to the evidence have been made to a limited extent in the cases involving the code-

fendants. We shall, therefore, only refer briefly to the evidence as it concerns this defendant.

Defendant was charged jointly with his codefendants with breaking and entering a building belonging to the Ice Service Company in the city of Duncan, and taking six cases of beer. He was a taxi driver in the city of Duncan. His codefendant David Jones worked for him, and drove a truck. Defendant had been acquainted with his other two codefendants for a period of only two weeks. He lived with his wife and three children at the home of his parents in Duncan. On the afternoon of December 22, 1942, defendant was hired by his codefendant Mooneyhan to take him to the Ice Service Company, where Mooneyhan purchased a case of beer, which he took to the Wade Hotel. Defendant later went home to get his supper. His codefendant Jones also took his meals at the home of defendant's parents, and was present. Just as supper was ready to be served, Mooneyhan and Sheehan came to his residence and made arrangements for defendant to take them to the El Rancho Night Club, just south of the city of Duncan. David Jones accompanied them. They went to the night club, and defendant remained in his taxicab. In a short while his codefendants returned to the taxi and had with them four girls, and all of them entered the taxi and they started back to Duncan. One of the girls was taken to her home, and the codefendants Mooneyhan and Sheehan inquired of defendant what he would charge them to just drive them around, and defendant told them $3 an hour. In a short time they directed him to drive to the Ice Service Company, and Mooneyhan went to the side door, but returned without any beer. They then drove around through the park and town for about an hour, and Mooneyhan told defendant to drive back to the beer place, "there should be some-

body there by this time." Dedendant did as directed, and the three codefendants got out of the taxi, defendant remaining in the car. They returned and put some beer in the turtleback of the car. Mooneyhan then told defendant to back up and go out Fifth street, and as he backed up, he struck some mud and killed his engine, Mooneyhan told defendant to hurry, that he had not paid for the beer, and defendant testified that he immediately turned off the ignition of the car, and told Mooneyhan he was not moving until the beer was settled for.

Just about this time the owner of the premises, Mr. McCaw, and his wife drove up and stopped immediately in front of defendant's car, and got out. Mr. McCaw was excited, and Mooneyhan offered to pay him for the beer, but he refused, and told his wife to call the law. The three codedendants ran away, but defendant made no attempt to escape. The officers arrived and found that the door to the Ice Service Company had been broken open, and four cases of beer were found in the turtle back of defendant's car. The defendant and the three girls were taken by the officers to the jail, where they remained until the next morning. The girls were discharged and charges were filed against the four boys, as above indicated.

Two of the girls, R. E. McCaw and the two police officers who made the arrest testified at the trial of defendant. There was no evidence on the part of the state that defendant was out of his taxicab at the time the building was entered, or that he in any way assisted in taking the beer, or placing the same in the car. One of the girls testified that she "reckoned" all of the boys got out of the car, but the other girl testified that they didn't all get out. Mr. McCaw testified that defendant did not attempt to leave

and that he said something about not leaving until the thing was settled.

This court seldom reverses a case on the insufficiency of the evidence where a verdict of guilty has been returned by a jury, but where the evidence is such that it only casts a suspicion against the accused, and there is no evidence of an intent on the part of a defendant to commit the crime, it becomes our duty under the law to set the judgment and sentence aside.

The evidence against this defendant is clearly insufficient to sustain the judgment and sentence. The evidence of the state when construed with the evidence of the defendant causes one to reach the conclusion that this defendant did not participate in this crime to that extent required by the law to make him guilty of the crime of burglary. There is nothing in the record to show that he had any previous record of crime. He testified in his own behalf, and no question was asked as to any previous convictions. He is a married man, and now has four children. He had lived in the city of Duncan all of his life. The evidence in this case is far from conclusive of defendant's guilt, and not sufficient to exclude every other reasonable hypothesis consistent with defendant's innocence. Lumpkin v. State, 25 Okla. Cr. 108, 219 P. 157; Richards v. State, 52 Okla. Cr. 436, 6 P. 2d 449; Dobbs v. State, 28 Okla. Cr. 371, 230 P. 939; McLaughlin v. State, 18 Okla. Cr. 137, 193 P. 1010; Hubbard v. State, 71 Okla. Cr. 373, 112 P. 2d 174; Phillips v. State, 64 Okla. Cr. 454. 82 P. 2d 246; Clardy v. State, 64 Okla. Cr. 463, 82 P. 2d 239.

We have given the evidence as it appears in the record in this case. It may be further stated that at the beginning of the trial, defendant presented a motion for continuance by reason of the absence of R. D. Mooneyhan, one of the co-

defendants, who at that time was serving in the United States Army. In the motion for continuance it was alleged that the witness was in the city of Duncan on leave and that the county attorney refused to waive the statutory time so that his deposition could be taken. He then made an affidavit which was attached to the motion for continuance. When this motion was presented, the county attorney agreed that the affidavit could be read as the evidence of the witness at the trial. The court admitted the affidavit and permitted it to be read to the jury. This question was not presented in the brief, but the affidavit of this witness corroborated the evidence of the defendant in every respect. He stated that he employed the defendant as a taxicab driver and that "he knew nothing about where or how we got the beer." He further stated :

, "Petty was only employed to drive for us in his taxicab and did not have anything to do with getting into the beer place, and did not know that we had stolen the beer or had entered the place for that purpose, and was in no way connected with us in what we did on that occasion." He further stated : "I am willing to testify to the above facts if I am able to get here for the trial," and "I have stated the above facts in order that justice may be done when Petty is tried and for no other purpose, nor do I expect to receive anything of value whatsoever for stating what I know about the above case and have made these statements voluntarily."

For the reasons above stated, the judgment of the district court of Stephens county is reversed, and the district court is directed to enter an order discharging the defendant, unless the county attorney is of the opinion that he has other evidence sufficient to convict the defendant.

JONES, P. J., concurs.  DOYLE, J., not participating.