**UNITED STATES of America**

v.

**Patsy LAURITO.**

**Cr. No. 14168.**

United States District Court
W. D. Pennsylvania.

Nov. 30, 1954.

Leonard Paletto, Asst. U. S. Atty., New Kensington, Pa., for plaintiff.

Louis Glasso, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The Act of June 25, 1948, C. 645, 62 Stat. 806, 18 U.S.C. § 2313, provides that:

"Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The indictment in this case charges that the defendant

"On or about the 3rd day of November, A.D., 1953, at Monroeville, County of Allegheny, in the Western District of Pennsylvania, Patsy Laurito did knowingly receive a stolen motor vehicle, to wit, a 1953 Jaguar Coupe, Motor No. W–7124–8, Serial No. 680597, the property of Earl Proesel, 504 N. River St., Batavia, Illinois, which said motor vehicle had theretofore been stolen at DuPage County, Illinois, and which was moving as and was part of an interstate commerce from DuPage County, Illinois, to Monroeville, aforesaid."

The jury in this case on November 4, 1954 found the defendant guilty of the foregoing offense.

The defendant filed a motion for a new trial, in which he avers:

1. That the Court erred in denying defendant's motion for acquittal made at the conclusion of the evidence.

2. That the verdict is contrary to the weight of the evidence.

3. That the verdict is not supported by substantial evidence.

In Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 898, 40 L.Ed. 1090, defendant was on trial for murder and in his possession were found certain articles, such as a wagon, gun and horses. The Court said,

"Possession of the fruits of crime, recently after its commission, justifies the inference that the possession, is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence."

In McAdams v. United States, 8 Cir., 74 F.2d 37, 41, the Court stated,

"Possession of the fruits of crime recently after its commission justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight unless

explained by the circumstances or accounted for in some way consistent with innocence."

See Opinion of Judge Gourley in United States v. Segelman, D.C.W.D.Pa., 86 F. Supp. 114.

 Whether an inference of guilt arising from defendant's possession of a stolen auto was sufficiently explained, is a question for the jury. Loftus v. U. S. 7 Cir., 46 F.2d 841; Wilkerson v. U. S., 7 Cir., 41 F.2d 654. There are a number of other cases which support some or all of the foregoing principles or rules.

In this case, the automobile was stolen October 22, 1953 in the State of Illinois and it came into the possession of defendant in the Commonwealth of Pennsylvania October 25, 1953, three days later. The State Police found the car in defendant's garage November 6, 1953. The car when found in his possession had altered motor and serial numbers. Defendant told Sergeant Chrin November 6, 1953, the night he was arrested, that he had received the car from one Carl Diana on October 25, 1953, and that it had been brought to his garage for repairs. He later told special agents for the F. B. I. on November 7, 1953, the next day after his talk with Sergeant Chrin, that he received possession of the automobile from one John Clark whom he stopped to help when he saw the car with the hood raised, parked beside a highway near his garage.

I am of the opinion that the motion for a new trial should be refused. There is no doubt that the automobile involved was stolen in the State of Illinois; that it was transported in interstate commerce from Illinois to Pensylvania and was in the possession of defendant three days later; that the defendant gave authorities two explanations, differing significantly in several vital points as to how he came into possession of the car and as to who gave him this possession; and that the numbers on the car had been altered.

I charged the jury substantially that there is a presumption that the defendant is innocent of the charge for which he is being tried and that presumption of innocence stands until he is proven guilty; that the burden rests upon the Government to establish the defendant's guilt by clear and satisfactory evidence beyond a reasonable doubt; and that a reasonable doubt is a doubt fairly arising from the evidence or from the lack of it which would cause a prudent person to hesitate upon a matter of importance to his own interest. I believe that under the evidence the question was properly submitted to the jury to determine whether this possession was explained by the circumstances or accounted for in some way consistent with innocence.

 The jury by its verdict of guilty indicated that the inference of guilt which they drew from defendant's possession of this recently stolen car had not been satisfactorily explained away, and I do not believe its verdict should now be disturbed. It might be added that all the evidence in this case came from the Government's side of the case. The defendant offered no evidence. His attorney, however, cross-examined the Government's witnesses.