James Lee HENLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 13138.

Court of Criminal Appeals.

May 16, 1962.

As Corrected May 18, 1962.

Rehearing Denied June 5, 1962.

Second Petition for Rehearing Denied July 18, 1962.

M. E. Becker, Guymon, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., O. A. Showalter, County Atty., Cimarron County, for defendant in error.

BUSSEY, Judge.

This is an appeal from a conviction, judgment and sentence based on an information filed in the District Court of Cimarron County, Oklahoma, charging James Lee Henley and Mike Lovett with the offense of Burglary in the Second Degree while acting together and in concert on January 7, 1961. Separate trials were granted, a jury empaneled and the case was tried. Whereupon, Plaintiff in Error, hereinafter referred to as defendant, was found guilty and sentenced to serve a term of three years in the State Penitentiary. From this judgment and sentence this appeal has been perfected.

There are numerous assignments of error but we deem it necessary to consider only the defendant's assignment of error that the evidence adduced by the state was wholly insufficient to support the jury's verdict finding the defendant guilty of Burglary in the 2nd Degree. If the defendant is correct in this contention, this

cause must be reversed and remanded. If, on the other hand, the evidence adduced was sufficient to support the jury's verdict, this cause must be affirmed.

■ In determining this issue, we must therefore search the record in order to determine if there was any competent evidence to support the jury's verdict; for as this court has repeatedly held:

"The Court of Criminal Appeals will not reverse a case for insufficiency of the evidence unless it can say after a study of all the evidence, that there was no substantial evidence in the record upon which the verdict could be based." Wilson v. State, Okl.Cr., 306 P.2d 717.

Briefly stated, the record discloses that for reasons not herein material, the Sheriff of Cimarron County had appointed Mr. Denton Ellard and others to act as special deputies.

The record further discloses that Mr. W. H. Thompson, who was the lessee of the premises allegedly burglarized, had closed his business for the day and locked the door, through which entry was later gained.

Special Deputies Ellard and Pruitt were stationed in a trailer owned by Mr. Jerry Lathrope, which was located approximately a block from the premises leased by Thompson.

The evidence further discloses that shortly after midnight on the morning of January 7, 1961, a car was parked near the door to the premises leased by Thompson. Two men were observed leaving the car and entering the building through the door above referred to. Shortly thereafter, they emerged from the same door and seated themselves in the car.

They were seated in the car when police officers Thomas M. (Jack) King and George Corbell arrived at the scene in response to a request for assistance by Special Deputy Pruitt, made when the suspects were first observed entering the building.

Officers King and Corbell recognized the defendant and Mike Lovett and directed that the defendant and Lovett drive to the courthouse and explain their activities of the evening. The defendant proceeded to drive toward the courthouse and was followed by the police officers, but he failed to stop at the courthouse and the officers stopped him and once again told him to proceed to the courthouse.

However, the defendant again ignored the request of the officers and the officers stopped the defendant's car and told the defendant and Lovett to accompany them in the police car to the courthouse. It was at this time that the officers first observed merchandise in the front seat of the car near Lovett's feet. This merchandise was later identified as that taken from the premises leased by Thompson.

Lovett entered the police car, but the defendant, after having walked toward the police car, started running and made good his escape.

The defendant then proceeded to Mr. Thompson's home and asserted his innocence to Thompson, telling Thompson that his vault had been broken in, that defendant had been caught with the merchandise, but that he, the defendant, wasn't the one who took the merchandise. The defendant told Thompson that he had traded beer for the merchandise found in his car and named Jerry Helm and Roger Kline as the persons from whom he had acquired the merchandise.

While enroute to the courthouse, the defendant offered to give Thompson $50.00 if Thompson would tell the officers that the defendant had purchased the stolen merchandise from Thompson.

■ In support of his assignment of error, the defendant cites the following case in which this court considered the sufficiency of the evidence: Maines v. State, 97 Okl.Cr. 386, 364 P.2d 316; Petty v. State, 83 Okl.Cr. 150, 174 P.2d 274; Richards v. State, 52 Okl.Cr. 436, 6 P.2d 449; Ritter v. State, 84 Okl.Cr. 418, 183 P.2d 257; Johnson v. State, 84 Okl.Cr. 368, 182 P.2d

777; Starr v. State, 63 Okl.Cr. 302, 74 P. 2d 1174; Doty v. State, 88 Okl.Cr. 381, 203 P.2d 444.

While we are in accord with the authorities above cited, we are of the opinion that the evidence in the case at bar, although circumstantial, was sufficient to establish all of the essential elements of the crime of burglary and to connect the accused with its commission.

While it is true that Special Deputy Ellard could not identify the defendant as one of the two men entering the building, it is likewise true that two men entered the building, emerged from the same, and sat in the defendant's car until officers King and Corbell arrived at the scene and identified them.

That merchandise taken from the premises was discovered in defendant's car was further circumstantial evidence connecting the defendant with the burglary.

This evidence was strengthened by the defendant's escape from the officers, his disclosure to Mr. Thompson that Thompson's "vault" had been broken in, and his (defendant's) offer of $50.00 to the prosecuting witness, as above set forth.

We are of the opinion that the defendant's first assignment of error is without merit.

The defendant's contention that the sentence of three years imprisonment is excessive because the defendant had not previously been convicted of a crime is likewise without merit.

Burglary in the 2nd Degree is punishable by imprisonment in the State Penitentiary for a term of not less than two years nor more than seven. We need only observe that the defendant's punishment was just one year over the minimum which the jury could impose.

While it is true that the Court of Criminal Appeals may reduce a sentence which is based on bias and prejudice, and is excessive, there is nothing in this record which would justify us in making such a modification.

For the reasons above set forth, the conviction is affirmed.

NIX, P. J., and BRETT, J., concur.