Larry Gail **LINEBARGER**, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13909.

Court of Criminal Appeals of Oklahoma.

July 6, 1966.

Rehearing Denied Dec. 14, 1966.

## MEMORANDUM OPINION

BRETT, Judge.

Petitioner in error, hereinafter referred to as defendant, was tried by a jury in the district court of Tulsa County, and found guilty of the crime of second degree burglary. The jury also found that the defendant had formerly been convicted on two other felony charges, and on June 17, 1965 he was sentenced under the indeterminate sentence law to serve from five to fifteen years in the state penitentiary.

From the record it appears that on March 28, 1965, between the hours of midnight and one o'clock in the morning, defendant and another man were apprehended in an alley in Tulsa, Oklahoma, a short distance from the Firestone Store, located at 224 South Denver Avenue. The Firestone Store had been broken into during the same night. When the two men were arrested, they each had two automobile tires, which they were carrying toward a new 1965 Falcon automobile. The new automobile had very recently been sold to the defendant, and still had the dealer's permit-license card on the rear. The permit card had defendant's name printed thereon, as the owner of the car.

The arresting officer had the two men in custody, with the aid of his police dog; when the defendant attempted to flee, and was stopped by the dog.

The record is silent as to any explanation as to how and where the two men obtained the tires, since defendant elected not to testify. The jury was convinced by the testimony and evidence produced by the prosecution, and found the defendant guilty of the crime of second degree burglary, after former conviction of a felony, in a two-part trial proceeding.

For his own reason, defendant did not take the witness stand, and offered no evidence to contradict the prosecution's evidence. He entered his demurrer to the evidence, and his motion for a directed verdict, both of which were overruled.

Defendant's first assignment of error contends that the verdict is not sustained by sufficient evidence, and is contrary to law. With this contention we do not agree. Both direct and circumstantial evidence were introduced by the State. This Court reiterated the rule in Henley v. State, Okl.Cr., 371 P.2d 928, 930:

"The Court of Criminal Appeals will not reverse a case for insufficiency of the evidence unless it can say after a study of all the evidence, that there was no substantial evidence in the record upon which the verdict could be based."

See also Wilson v. State, Okl.Cr., 306 P.2d 717.

The fourth paragraph of the syllabus in Henley v. State, supra, recites:

"Evidence of possession of recently stolen property is insufficient to authorize burglary conviction, but such possession is circumstance to be considered by jury, if there is additional testimony, even though slight, establishing supporting facts or circumstances to connect defendant with original asportation or breaking and entry."

In the case at bar defendant was arrested early in the morning hours, in the vicinity of a store that appears to have been broken into, in the company of another, each of whom had two tires in his possession, tires which were sufficiently identified as having the "store markings" on them, which markings were the same as those used in the store which had been broken into that same night; and defendant was in the act of transporting the tires away from the vicinity to his own automobile.

After reviewing all the evidence presented in the record, we are of the opinion that the tires were sufficiently identified as having come from the Firestone Store. Likewise, the evidence was sufficient to satisfy the jury, beyond a reasonable doubt, that the Firestone Store had been broken into, and that the tires in defendant's possession had been taken from that store.

In the absence of some explanation, the circumstances under which the defendant was arrested, coupled with the condition of the broken store window, the identification of the tires, identification of defendant's automobile and its location in the alley, considered with defendant's attempt to escape, and the complete absence of any explanation of defendant's possession of the tires, are sufficient to sustain the jury's verdict. In Crabb v. State, 86 Okl.Cr. 323, 192 P.2d 1018, this Court held:

"The jury is sole judge of the weight to be given fact of possession of recently stolen property, if such possession is unexplained or unsatisfactorily explained or explanation is not believed, and where such fact with other evidence satisfies jury beyond reasonable doubt of defendant's guilt, it is sufficient to sustain conviction of second degree burglary."

See also United States v. Laurito, D.C., 126 F.Supp. 116.

Defendant cites Yeager v. State, 82 Okl. Cr. 326, 169 P.2d 579, in an effort to overcome the burglary charge. We do not disagree with the statements of law in that case, but we are of the opinion that in the case at bar, the unexplained circumstances justifed the jury in reaching its verdict. Likewise, we do not consider the case cited by defendant, Richards v. State, 52 Okl.Cr. 436, 6 P.2d 450, to be applicable to the facts at hand. In the Richards case, the circumstances were so remote to the crime, the reversal was justified. Such is not true in this case. The other cases cited by defendant are each based upon entirely different facts, so as to be distinguishable from the case at bar.

Defendant fails to cite in his brief which errors of law occurred during the trial, to which he excepted. Hence, we will not attempt to discuss those errors to which he refers.

Defendant's next contention is, "Error of the court in overruling the defendant's demurrer and motion to dismiss by reason of insufficient evidence."

We do not agree with this stated position, for the reason that both direct and circumstantial evidence was sufficient to justify submitting the case to the jury.

■ Defendant next contends "It was error of the court in permitting the introduction of evidence which was objected to by defendant". He does not specify in his brief to which evidence he makes reference. We therefore presume he refers to that which consisted of photographs, etc. We are of the opinion the evidence offered was properly identified as pertaining to matters of this case, and were properly submitted to the jury.

Lastly, defendant contends the verdict was contrary to the instructions of the court, and against the weight of the evidence. Again he fails to state in his brief in what way the verdict is contrary to the instructions. We have examined the court's instructions very carefully, and find they are proper, and that the verdict is not contrary to the instructions. As this Court held in Melot v. State, Okl.Cr., 375 P.2d 343:

"Court of Criminal Appeals is not authorized to reverse conviction on ground of error in instructions unless from inspection of entire record it appears that defendant was injured thereby; to determine such issue, the court must consider question of guilt or innocence of charged offense."

We are of the opinion, therefore, for the reasons stated herein, that this case should be, and the same is therefore affirmed.

BUSSEY, P. J., and NIX, J., concur.